IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LENWOOD THOMAS,         : | |
|      :      | |
|      Petitioner         : | |
|      :      | |
| v.       : | CASE NO.: 1:21-CR-18 (LAG) (ALS) |
|      :      | 1:22-CV-209 (LAG) (ALS) |
| UNITED STATES OF AMERICA,    : | |
|      :      | |
|      Respondent.        : | |
|      :      | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 62), recommending that *pro se* Petitioner Lenwood Thomas's Motion Under 28 U.S.C. § 2255 to Vacate (Doc. 49) be denied, and Petitioner's Objection thereto (Doc. 63). For the reasons below, Petitioner's Objection is **OVERRULED**, and the R&R (Doc. 62) is **ACCEPTED** and **ADOPTED**.

**BACKGROUND**

On June 10, 2021, Petitioner was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). Pursuant to a plea agreement, Petitioner pled guilty on September 21, 2021 to a two-count superseding Information charging him with possession of a firearm by a convicted felon and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Docs. 30, 33, 34). Petitioner was sentenced on December 16, 2021 to a total of 180 months imprisonment followed by three (3) years of supervised release. (Doc. 41). Defendant filed a Motion to Vacate on December 12, 2022, and filed a Recast Motion to Vacate, in accordance with the Magistrate Judge's December 13, 2022 Order on January 4, 2023. (Docs. 47, 48, 49). He subsequently filed a Motion to Reduce Sentence under 28 U.S.C. § 3582 (Doc. 56) on February 26, 2024, after the United States Sentencing Guidelines were amended. Petitioner's Motion to Reduce Sentence was denied on July 12,

2024. (Doc. 59). The Order explained that neither reduction provided for in Amendment 821 changed Defendant's advisory sentencing guideline range because he was determined to be a career offender and an armed career criminal at sentencing. (*Id.*).

In the Motion to Vacate, Plaintiff's one ground for relief is that the Court improperly applied the career offender designation to him based on his past marijuana charges. (Doc. 1 at 6). Petitioner's trial counsel objected to the application of both the career offender and armed career criminal designations in the Presentence Report. (Docs. 27, 39, 52 at 5). At the sentencing hearing, on December 16, 2021, the Court overruled the objections, explaining that binding Eleventh Circuit precedent "following the implementation of the Farm Bill that says that . . . the marijuana . . . is a controlled substance for purposes of these guidelines calculations for the career offender as well as the armed career criminal." (Doc. 52 at 5–6).

The Magistrate Judge denied the Motion to Vacate to the extent that Petitioner was directly challenging his sentence as procedurally barred because he failed to raise the issue of his career offender designation on appeal. (Doc. 62 at 5). The Magistrate Judge further found that Petitioner had not overcome the procedural bar because had not shown cause for failure to raise the claim on appeal, demonstrated actual prejudice, or argued that any error "probably resulted in the conviction of one who is actually innocent." (*Id.* at 5–6). Furthermore, to the extent that Petitioner was attempting to raise a claim of ineffective assistance of counsel, the Magistrate Judge determined that Petitioner's counsel objected at the sentencing hearing to his designation as a career offender and an armed career criminal, both prior to and at sentencing, "refuting any argument that counsel failed to object to the sentence enhancements." (*Id.* at 6). Finally, the Magistrate Judge held that Petitioner's argument regarding the First Step Act of 2018 is not an appropriate argument for a § 2255 motion. (*Id.*).

## STANDARD OF REVIEW

District courts have "the duty to conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam)

(citation omitted). The Court reviews de novo the dispositive portions of a magistrate judge's report and recommendation to which a party objects and reviews the rest for clear error. *See* 28 U.S.C. § 636(b)(1)(A), (C); Fed. R. Civ. P. 72(a), (b)(3). When a party's objections, however, are "[f]rivolous, conclusive, or general[,]" the Court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *Id.* at 1360.

## DISCUSSION

In his Objection Petitioner asks the Court to "respond with a determination [regarding whether] if he was sentenced today after the 'First Step Act' would he qualify" as an armed career criminal or a career criminal and whether "his prior marijuana convictions allow him to be determined to be sentenced under either [Act] using his prior conviction." (Doc. 63 at 1–2). Petitioner also requests that if the Motion to Vacate is not granted, that the Court construe his Motion as a Motion to Reduce Sentence 28 U.S.C. § 3582(c)(1)(A) because extraordinary and compelling reasons support a reduction to his sentence. (*Id.* at 2).

Defendant fails to make a specific objection to the findings and legal determinations in the R&R, and thus the Court need not consider the Objection. *Schultz*, 565 F.3d at 1361 (citation omitted). Moreover, Petitioner fails to set out extraordinary or compelling reasons for the Court to grant a Motion to Reduce Sentence were it to construe the Motion to Vacate as a Motion to Reduce Sentence pursuant to 28 U.S.C. § 3582(c)(1)(A). Furthermore, Petitioner's Motion to Reduce Sentence based on the 2023 amendments to the Sentencing Guidelines has been denied; therefore a reduction in sentence would not be appropriate under § 3582(c)(2) either. (*See* Docs. 62 at 6; Doc. 59). Accordingly, Petitioner's Objection is **OVERRULED**. The Court reviews the remaining portions of the R&R for clear error and finds none.

## CERTIFICATE OF APPEALABILITY

A petitioner has no absolute right to appeal a district court's denial of his motion to vacate. 28 U.S.C. §§ 2253(c)(1)(B), 2255(d). Rather, a district court must first issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). A petitioner need not "show [s]he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate[.]" *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (second alteration in original)).

In this case, the Court finds that no reasonable jurist could conclude that Petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Thus, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

Accordingly, Petitioner's Objections (Doc. 63) are **OVERRULED**, and the Court finds that the R&R (Doc. 62) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the order of this Court, subject to the additional findings and holdings made herein. Therefore, Petitioner's Motion to Vacate (Docs. 49) is **DENIED**, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 9th day of January, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**